B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Northern District of Illinois
**Case No. 12–25050**
**Chapter 7**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

  Lynn Martha Dahle
  aka Lynn M Shillington
  8137 Middlebury Avenue
  Woodridge, IL 60517

Social Security / Individual Taxpayer ID No.:
  xxx–xx–4418

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

    It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

FOR THE COURT

Dated: <u>November 14, 2012</u>    <u>Kenneth S. Gardner, Clerk</u>
                                                     United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.*[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

```
                          United States Bankruptcy Court
                           Northern District of Illinois

In re:                                                        Case No. 12-25050-DRC
Lynn Martha Dahle                                             Chapter 7
       Debtor
                            CERTIFICATE OF NOTICE
District/off: 0752-1         User: cgreen              Page 1 of 2              Date Rcvd: Nov 14, 2012
                             Form ID: b18              Total Noticed: 10


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 16, 2012.
db           +Lynn Martha Dahle,    8137 Middlebury Avenue,    Woodridge, IL 60517-7723
19064043      Great Lakes,    P.O. Box 530229,    Atlanta, GA 30353-0229
19064044    ++ILLINOIS DEPARTMENT OF REVENUE,    P O BOX 64338,    CHICAGO IL 60664-0338
             (address filed with court: Illinois Department of Revenue,     Springfield, IL 62726-0001)
19064046     +Martoccio & Martoccio,    15 North Lincoln Avenue,    Hinsdale, IL 60521-3436
19064047     +Select Portfolio Servicing,    10401 Deerwood Park Blvd.,    Jacksonville, FL 32256-5007
19064048      Select Portfolio Servicing,    P.O. Box 65250,    Salt Lake City, UT 84165-0250
19064049     +Westwood College,    7400 E Arapahoe Rd Ste 10,    Englewood, CO 80112-1282

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr           +EDI: QDRBROWN.COM Nov 15 2012 02:18:00      David R Brown, ESQ,
              Springer Brown Covey Gaertner & Davis,    400 South County Farm Road,    Suite 330,
              Wheaton, IL 60187-4547
19064042      EDI: AMEREXPR.COM Nov 15 2012 02:18:00      American Express,   P.O. Box 0001,
              Los Angeles, CA 90096-8000
19064045      EDI: IRS.COM Nov 15 2012 02:19:00      Internal Revenue Service,   P.O. Box 802501,
              Cincinnati, OH 45280-2501
                                                                                             TOTAL: 3

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Nov 16, 2012**                    **Signature:**  *Joseph Speetjens*

```
District/off: 0752-1          User: cgreen              Page 2 of 2               Date Rcvd: Nov 14, 2012
                              Form ID: b18              Total Noticed: 10
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 14, 2012 at the address(es) listed below:
          Dana N O'Brien    on behalf of Creditor  Select Portfolio Servicing, Inc. dobrien@atty-pierce.com,
           northerndistrict@atty-pierce.com
          David R Brown    dbrown@springerbrown.com,    dbrown@ecf.epiqsystems.com;jill@springerbrown.com
          Justin R Storer    on behalf of Debtor Lynn Dahle jstorer@lakelaw.com
          Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov

                                                                                                                                                                                                            TOTAL: 4